IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Crim. No. 5:07-CR-258-1-F
Civ. No. 5:12-CV-448-F

| | | |
|---|---|---|
| OTIS ADAM GRIGGS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | | ORDER |

Upon his conviction of possession of a firearm by a felon, Otis Adam Griggs was sentenced on July 21, 2008, as an armed career criminal, pursuant to 18 U.S.C. §§ 922(g) and 924(e)(1), to a term of 235 months imprisonment to be followed by a five-year term of supervised release. *See* Judgment [DE-24]. Pursuant to the terms of his plea agreement [DE-20] Griggs did not file an appeal.

The Fourth Circuit Court of Appeals on August 17, 2011, announced its *en banc* decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long mis-application of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constituted a "felony" for purposes of federal criminal law. The decision affects not only many persons convicted of felon in possession under § 922(g) by effectively eliminating their "felon" status, an essential element of that offense, but has far-reaching implications for individuals, like Griggs, who were sentenced as armed career criminals to terms of imprisonment in excess of the statutory maximum sentence for § 922(g) convictions.

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.

The Government here concedes that, in light of Simmons, Griggs, in fact, lacked the nature and number of prior convictions to qualify for armed career offender status.

Griggs, through appointed counsel, filed his § 2255 motion [DE-31] on July 19, 2012. The Government filed a Response [DE-33] on December 17, 2012, agreeing that Griggs is entitled to be re-sentenced in light of Simmons' rationale and in the interests of justice. A correct application of § 924(e), after Simmons, reveals that Griggs lacked the number and type of predicate convictions required to support armed career criminal enhancement. The Government's Response [DE-33] is incorporated herein by reference.

In light of the record in this case, the parties' memoranda including the Government's concessions, a correct application of the North Carolina Structured Sentencing Act as detailed in Simmons, and in the best interest of justice and fairness, Griggs' § 2255 motion [DE-31] is ALLOWED insofar as he seeks re-sentencing. The sentence imposed in the Judgment entered herein on July 21, 2008 [DE-24] is VACATED and the Clerk of Court is DIRECTED to schedule and notice a hearing for re-sentencing during this court's **January 28, 2013**, term of court in Wilmington, North Carolina. Except as herein provided, the terms and conditions contained in that Judgment remain in full force and effect. The United States Probation Office is DIRECTED to investigate, prepare and publish to the appropriate parties a recalculation of Griggs' correct advisory Guideline Range, applying Simmons' ruling and the provisions of the Fair Sentencing Act of 2010.

SO ORDERED. This, the 19th day of December, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge